## M. M. MORRIS _v._ THE STATE.

RECOGNIZANCE. — "Forgery of a writ of error bond in a civil suit " is a sufficient designation of the offense to satisfy the requirement that it shall appear from a recognizance that the principal cognizor is accused of some offense against the laws of the state. The word "forgery" alone would have sufficed. See the next preceding case of _Morris_ v. _The State_, _ante_, p. 554.

APPEAL from the District Court of Van Zandt. Tried below before the Hon. M. H. BONNER.

In this case the judgment below was against the appellant and others, as sureties for William Sharp on his recognizance to answer an indictment for forgery of a writ of error bond.

*Robertson & Herndon,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WHITE, J.   As was stated in the opinion just read, in cause No. 34, the indictment belonging to this case will be found in the record in that.   The indictment charged the accused, William Sharp, with the forgery of a writ of error bond, and is prepared in conformity with the definition of forgery as given in article 2093 of Paschal's Digest.   The indictment is a good one.

The recognizance which was forfeited, and upon which the final judgment was rendered from which this appeal is prosecuted, states the offense to be " forgery of a writ of error bond in a civil suit."   This sufficiently states the offense ; and had the recognizance simply stated the offense the principal obligor was held to answer as " forgery," it would have been sufficient, because forgery is a specific offense against our laws, and is defined in general terms by our statute.   Pasc. Dig., art. 2093.   See the opinion just read in cause No. 34, *ante,* p. 554.

There is some confusion in the transcript in this case, which, however, is obviated by an agreement in writing, signed by the attorneys of both parties, and filed as part of the record.

We see no error in the judgment, and it is, therefore, affirmed.

*Affirmed.*